# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:03CV577

| | |
|---|---|
| MILTON BLACK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BISSELL COMPANIES, INC. and )<br>BALLANTYNE RESORT, LLC, )<br>)<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' The Bissell Companies and Ballantyne Resort LCC's Motion for Summary Judgment" (Document No. 28), filed September 12, 2006. The parties have consented to magistrate jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition.

Having fully considered the arguments of the parties at a motions hearing on January 30, 2007, the record, and applicable authority, the undersigned will <u>deny</u> "Defendants' ...Motion for Summary Judgment" (Document No. 28).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Milton Black ("Plaintiff") filed a Complaint against Continental Casualty Company, Continental Assurance Company and CNA Group Life Insurance Company (collectively, "Continental") and Ballantyne Resort, LLC and The Bissell Companies, Inc. (collectively, "Bissell") in the Superior Court of Mecklenburg County, North Carolina on October 30, 2003. Plaintiff's allegations included claims that "as a result of the careless and negligent conduct of the Defendants ... Plaintiff did not have short term disability insurance or long term disability insurance at the time

of his stroke" and that Bissell "breached their duty to the Plaintiff to timely provide the needed and necessary and requested information ... to process his application for disability insurance."

The Complaint states that Plaintiff completed the required application forms for short and long term disability insurance provided by his employers (Bissell) on or about January 18, 2002, and returned them to the appropriate staff person for submission to Continental. It was alleged that premiums were paid by Bissell to Continental on behalf of Plaintiff and that Bissell deducted premium expenses from Plaintiff's wages.

The Complaint also alleges that on March 18, 2000, Laura Chatlos, an agent of Continental, sent a letter to Rhonda Troutman, an agent for Bissell, in which Ms. Chatlos asked for additional medical information related to Plaintiff's application for coverage (the "March 2002 letter"); that Plaintiff never received a copy of the March 2002 letter; that on or about May 8, 2002 Kelly Hawkins, an agent of Continental, sent a letter to Ms. Troutman stating that Plaintiff's application for coverage would be closed for failure to submit the requested additional medical information (the "May 2002 letter"); and that Plaintiff did not receive a copy of the May 2002 letter until on or about August 13, 2002.

On June 29, 2002, Plaintiff suffered a stroke rendering him permanently and totally disabled. Around late July or early August 2002, believing he had coverage, Plaintiff filed claims with Continental for short term and long term disability as a result of his stroke. Plaintiff contends that his first notice that he lacked disability coverage came from a letter dated August 9, 2002 from Continental. Plaintiff, through counsel, initiated an appeal of the denial of insurance coverage in September 2002. On November 4, 2002, Continental upheld the decision to deny Plaintiff's claim.

As previously stated, Plaintiff filed his Complaint on October 30, 2003 in Mecklenburg

County Superior Court. On December 1, 2003, Continental filed a Notice of Removal (Document No. 1) with this Court in which Bissell joined. Plaintiff subsequently filed a "...Motion for Remand" on December 19, 2003 arguing that his suit was brought on "state law claims for negligence, estoppel and breach of duties of an agent." Both Continental and Bissell filed memoranda (Document Nos.11 and 12) opposing remand. Continental argued in its memorandum that "if state law claims 'relate to' an ERISA plan within the meaning of ERISA's preemption provision under 29 U.S.C. § 1144(a), the claims were converted to federal claims for the purposes of removal jurisdiction." Continental further stated:

> The United States Supreme Court has directed that the words "relate to" in the ERISA preemption provisions should be broadly construed in that a particular state law claim "relates to" an ERISA plan if the state law claim has a connection with or reference to an employee benefit plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). Such a determination must be made with a common sense view of the matter. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985). Even a state law with only an indirect effect on a benefit plan can be preempted unless it affects the plan in too tenuous, remote, or peripheral a manner. Shaw, 463 U.S. at 100 n.21.
> Claims which are "related to" ERISA plans are those claims which specifically refer to and would affect an ERISA plan, would contravene the structure or purpose of ERISA, would require a construction of the benefit plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan. Consumer Benefits Ass'n of U.S. v. Lexington Ins. Co., 731 F. Supp. 1510, 1515 (M.D. Ala. 1990). Such claims include state law claims for bad faith, breach of contract, and fraud. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (llth Cir. 1999).

On March 18, 2005, this Court denied the Plaintiff's motion to remand. In that Order (Document No. 19), the Court addressed each of four elements described by Butero v. Royal Maccabees Life Ins. Co., and found that Employee Retirement Income Security Act, 29 U.S.C. 1132 ("ERISA") superpreemption existed in this case. In summary, those necessary elements were: 1) a relevant ERISA plan, 2) plaintiff has standing under the plan, 3) defendant is an ERISA entity, as

it could control payment of benefits and determination of rights under the plans, and 4) the complaint seeks compensatory relief akin to that available under 29 U.S.C. § 1132(a), often benefits due under a plan.[1] Butero, 174 F.3d at 1212.

Since the denial of the motion for remand, both Continental and Bissell filed motions for summary judgment (Document Nos. 23 and 28). The Court heard oral arguments on these motions at a civil motions hearing on January 30, 2007. By oral Order at that hearing, the Court granted Continental's motion for summary judgment finding that Continental did not abuse its authority in denying Plaintiff's coverage. Furthermore, Plaintiff, proceeding pro se, stated in open court that he did not hold Continental responsible for his lack of disability insurance coverage and that it had done nothing wrong. The Court took under advisement a decision on Bissell's motion for summary judgment pending further consideration and research.

## II. STANDARD OF REVIEW

The standard for summary judgment is familiar. Rule 56(c) of the Federal Rules of Civil Procedure requires that summary judgment be granted if the pleadings, responses to discovery, and affidavits, if any, establish that "there is no genuine issue as to any material fact...." Fed. R. Civ. P. 56(c). As this Court has previously explained,

> ... the moving party has the initial burden to show a lack of evidence to support [the non-moving party's] case. If this showing is made, the burden then shifts to the [non-moving party] who must convince the Court that a triable issue does exist.

Boggan v. Bellsouth Telecomm., Inc., 86 F. Supp. 2d 545, 547 (W.D. N.C. 2000) (citations omitted).

---

[1] For the third element the Court identified Continental as an ERISA entity. The Court believes by the same reasoning that Bissell qualifies as an ERISA entity. See Document No. 19 at 5).

A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The non-moving party opposing summary judgment cannot "rest upon ... mere allegation or denials ..., but ... must set forth specific facts showing that there is a genuine issue for trial." See id. at 248 (quoting First National Bank of Arizona v. Cities Service Co., 319 U.S. 253, 288-89 (1968)). Importantly, in deciding a motion for summary judgment, the court views the evidence presented in the light most favorable to the non-moving party – that is, "[t]he evidence of the non-movant is ... believed, and all justifiable inferences are ... drawn in his favor." See Anderson, 477 U.S. at 255.

Throughout the recent proceedings of this case, the Court has been cognizant of Plaintiff's pro se status and has carefully viewed the facts and his motions in the most favorable light. The courts traditionally hold pleadings by pro se parties "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520 (1972). The Fourth Circuit also recognizes that "we must construe pro se complaints liberally." Laber v. Harvey, 438 F.3d 404 (4th Cir. 2006) citing Hemphill v. Melton, 551, F.2d 589, 590-91 (4th Cir. 1977). Therefore the undersigned will interpret the Plaintiff's papers "to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2nd Cir. 1994).

### III. DISCUSSION

Viewing the evidence in the light most favorable to the non-moving party, and drawing all inferences in Plaintiff's favor, Bissell has failed to convince the Court that there are no genuine issues of material fact that could lead a reasonable jury to reach a verdict in favor of Plaintiff.

The evidence available at this stage suggests that on January 18, 2002 the Plaintiff filled out

an application for short and long term disability insurance provided by Continental through his employer The Bissell Company, that Plaintiff submitted his application to Bissell and authorized Bissell to make payroll deductions for the insurance coverage, and that sometime soon thereafter Bissell began deductions from Plaintiff's salary for short and long term disability insurance.

In March and May 2002, Continental allegedly sent notices to Plaintiff *and Bissell* stating that Plaintiff's application was incomplete, requesting more information, and stating that his file would be closed. Plaintiff denies receiving such notice until August 2002. The Bissell Company acknowledges that it received the notices from Continental that Plaintiff's application was incomplete and that it nevertheless continued deducting insurance payments from his salary and never communicated to Plaintiff its knowledge that his eligibility for this insurance had either expired or was in imminent jeopardy.

Plaintiff suffered a stroke on June 29, 2002 and became permanently disabled. By August, Plaintiff could not return to work and filed to collect on the disability insurance he thought he had through Bissell. As of the pay period ending July 28, 2002, Bissell was still making deductions from Plaintiff's wages for long term and short term disability. In August 2002, Plaintiff received notice that he was not covered for short or long term disability insurance. At the hearing before the undersigned, Bissell offered no explanation for why it continued to make deductions without informing Plaintiff that he was ineligible for coverage or whether they passed on those payments to Continental.

In its defense, Bissell argues that it "is not a proper party to Plaintiff's action to recover benefits under an ERISA plan as Bissell did not exercise any control or authority over the plans' administration." (Document 28-2 at 11). However, Bissell concedes that it "is identified as the plan

administer [*sic*] in the ERISA section attached to both policies." Id. at 7.

The courts and the ERISA statute have identified that one "who exercises discretionary control or authority over the plan's management, administration, or assets, see § [29] 1002(21)(A), is an ERISA 'fiduciary.'" Mertens v. Hewitt Associates, 508 U.S. 248, 251 (1993). "ERISA, however, defines "fiduciary" not in terms of formal trusteeship, but in functional terms of control and authority over the plan ... thus expanding the universe of persons subject to fiduciary duties - and to damages..." Id. at 262.

In the ERISA section attached to both the short term and long term disability insurance policies provided by Continental as exhibits to their memorandum in opposition to remand, Bissell is identified as responsible for plan administration, maintenance of the plan, and as agent for service of legal process. (Document No. 11, Exhibit A at 19). Contrary to Bissell's assertion, Continental's memorandum describes Bissell's role in the insurance plan in a way that strongly suggests control and authority over the administration:

> ...Bissell clearly did more than merely 'intend to confer a benefit.' In particular, Bissell set the terms of the STD and LTD Plans, including the types of benefits available and who was eligible to participate. Bissell determined to add employees of Bissell Companies .... Moreover, Bissell reserved the right to terminate the Plans and the right to amend or modify the terms of the Plans together with Continental at any time without prior notice to plan participants."

Id. at 6-7.

The ERISA attachment to the policies in dispute addresses fiduciary duties: "... ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate *Your* Plan, called 'fiduciaries' of the Plan, have a duty to do so prudently and in the interest of *You* and other Plan participants and beneficiaries." (Document No. 11, Exhibit

7

A at 20) (emphasis in original).

The Fourth Circuit has addressed the role of a fiduciary in a similar context:

> ...an ERISA fiduciary that knows or should know that a beneficiary labors under a material misunderstanding of plan benefits that will inure to his detriment cannot remain silent - especially when that misunderstanding was fostered by the fiduciary's own material representations or omissions. In other words, a fiduciary is obligated to advise the beneficiary 'of circumstances that threaten interests relevant to the [fiduciary] relationship.' **Thus, for example, 'when an ineligible person contributes to a fund, a fiduciary has a duty to inform him of his ineligibility within a reasonable time after the [fiduciary] acquired knowledge of that ineligibility**.' In the ERISA context, the recognition of a limited fiduciary duty to inform a beneficiary of material facts in the absence of a specific request for information from the beneficiary is not a ground-breaking proposition.

Griggs v. E.I. DuPont De Nemours & Company, 237 F.3d 371, 381 (4th Cir. 2001) (citations omitted) (emphasis added).

In sum, it seems to the undersigned that a genuine issue of material fact remains in this case - namely, what duty did Bissell have to the Plaintiff regarding the administration of disability insurance and did it comply with that duty. Viewing the facts in the light most favorable to the pro se Plaintiff, the motion for summary judgment must be denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that "Defendants' The Bissell Companies and Ballantyne Resort, LCC's Motion for Summary Judgment" (Document No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall hold an initial attorneys' conference pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1(A) as soon as practicable, and then file a written report on that conference, along with a proposed discovery plan, jointly if possible,

on or before **April 20, 2007**. The Court is aware that discovery has already commenced and expects that this matter will move quickly and smoothly toward trial. The parties should anticipate this case being heard by the undersigned during the **August 6, 2007** civil trial term.

    **SO ORDERED**.

    Signed: March 29, 2007

David C. Keesler
United States Magistrate Judge