# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:03CV577

| | | |
|---|---|---|
| **MILTON BLACK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **THE BISSELL COMPANIES, INC. and** | ) | |
| **BALLANTYNE RESORT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion to Permit Signed and Notarized Depositions And/Or Statements In Place Of A Personal Appearance in Court Due To Health Reasons" (Document No. 44) filed May 2, 2007, and "Defendants' Response/Objection To Plaintiff's Motion..." (Document No. 45), filed May 16, 2007. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition.

Having fully considered the arguments, the record, and applicable authority, the undersigned will <u>deny</u> Plaintiff's motion.

Plaintiff brought this action against Defendants in the Superior Court of Mecklenburg County, North Carolina on October 30, 2003, and it was subsequently removed to this Court in December 2003. This matter is set for trial on August 6, 2007. Although the Court is sympathetic to Plaintiff's poor health and to the challenges of being a *pro se* litigant, the undersigned finds for the reasons stated by the Defendants in their response and supporting memorandum (Document Nos. 45 and 46) that the Plaintiff should not be excused at this time from appearing in this Court to pursue his lawsuit on August 6, 2007.

The undersigned agrees with Defendants that there is a general preference, as expressed in Fed.R.Civ.P. 43(a), for the testimony of witnesses to occur in open court.[1]  The undersigned also agrees that Plaintiff has failed to provide adequate explanation or support for the request to excuse himself, as well as both of his expected witnesses, from appearing at trial.  Furthermore, since Plaintiff  is not currently represented by counsel, his proposal presents the obvious problem of having no one to bring his case to a jury.

The parties are reminded that they are required by the "Pretrial Order And Case Management Plan" (Document No. 43) and Local Rule 16.2(A) to participate in a mediated settlement conference, and to file a report of the results of that conference on or before **July 6, 2007**.  Ordinarily mediation is held "in an appropriate facility anywhere in the division in which the case is pending."  Local Rule 16.3.   Under the circumstances of this case however, the Court may allow an alternative arrangement, such as a telephonic conference, if the parties identify a willing mediator.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion to Permit Signed and Notarized Depositions And/Or Statements In Place Of A Personal Appearance In Court Due to Health Reasons" (Document No. 44) is **DENIED WITHOUT PREJUDICE**.

Signed: May 29, 2007

David C. Keesler
United States Magistrate Judge

---

[1]  Fed.R.Civ.P. 43(a) also provides that "[t]he Court may, for good cause shown in compelling circumstances and upon appropriate safeguards, permit presentation of testimony in open court by contemporaneous transmission from a different location."