# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:03CV577

| | |
|---|---|
| MILTON BLACK, )<br> )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>THE BISSELL COMPANIES, INC. and )<br>BALLANTYNE RESORT, LLC, )<br> )<br>      Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion to Strike All Answers ... And That Plaintiff Be Awarded A Default Judgment" (Document No. 47) filed May 21, 2007; "Defendants' Response/Objection To Plaintiff's Motion..." (Document No. 50), and "Memorandum in Support ..." (Document No. 51) filed May 31, 2007; Plaintiff's "Motion to Dismiss The Defendant's Request..." (Document No. 52) filed June 1, 2007; "Defendant's Response To Plaintiff's Motion to Dismiss The Defendants' Request..." (Document No. 53) filed June 5, 2007; Defendants' "Addendum/Supplement To Defendants' Response ... And Defendants' Motion For Appointment of Mediator" (Document No. 54) filed June 6, 2007; and Plaintiff's "Motion to Dismiss Lynda K. Black As A Witness In The Proceeding..." (Document No. 55) filed June 7, 2007. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate disposition of these motions is appropriate.

Having fully considered the arguments, the record, and applicable authority, the undersigned will <u>deny</u> the motions in Document Nos. 47, 53 and 55; the undersigned will <u>grant</u> the motion in Document No. 52.

As an initial matter, the undersigned admonishes the parties to be mindful of the rules of this Court regarding the filing of motions. First, the "Pretrial Order and Case Management Plan" (Document No. 43) sets forth that "[e]very motion shall include, or be accompanied by, a brief written statement of facts, a statement of the law, including citations of authority and grounds on which the motion is based. Motions not in compliance with this order are subject to summary denial." Document No. 43 at ¶ C. Also, pursuant to Local Rule 7.1(A) "[a]ny motions other than for dismissal, summary judgment, or default judgment should show that counsel have met and attempted in good faith to resolve areas of disagreement...." The "Pretrial Order..." reiterates this expectation:

> [c]onsistent with the spirit, purpose and explicit directives of the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failure to do so may result in appropriate sanctions.

Finally, the undersigned in a previous "Order" (Document No. 42) in this case sent a clear signal to the parties that they should consult with each other prior to seeking the Court's intervention, observing "contrary to the local rules for this district, counsel for the Defendants does not indicate whether he consulted with the Plaintiff to determine his position on the request." Further failure of the parties in this matter to first attempt to resolve their discovery disputes with each other prior to requesting the Court's intervention will likely lead to sanctions.

Because Plaintiff's "Motion to Dismiss Lynda K. Black As A Witness..." (Document No. 55) does not comply with the letter or spirit of the rules as described above, that motion will be denied without prejudice to be refiled at a later date in compliance with the rules. In the interest of judicial

economy, the undersigned will address the remaining pending motions.

Plaintiff's "Motion To Strike All Answers To The Plaintiff's Interrogatories ... And That Plaintiff Be Awarded a Default Judgment" (Document No. 47) seeks to strike Defendants' responses to interrogatories because they are allegedly "vague, overly broad, evasive, and in some cases, ignored by the Defendant." Plaintiff also requests the award of a default judgment against Defendants without any explanation or citation of authority for allowing such award. The undersigned accepts and adopts Defendants' response in pertinent part:

> [i]f Plaintiff has an objection to the responses or seeks additional information from the Defendants regarding the responses, the appropriate action for the Plaintiff is to communicate directly with the Defendants regarding their responses and determine if the matter can be resolved without court intervention. If the matter cannot be resolved between the parties, the Plaintiff's next appropriate remedy for relief would be to file a motion to compel with the Court. Plaintiff cannot strike Answers of the Defendants to Plaintiff's discovery because he contends they are evasive and non-responsive. There is not authority for this. Likewise, Plaintiff cannot seek a default judgment on this basis as the Defendants are not in default pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Document No. 51 at 2-3. For these reasons, Plaintiff's "Motion to Strike..." (Document No. 47 will be denied.

Plaintiff's "Motion To Dismiss The Defendant's Request That Mediation Hearings Be Held In Charlotte, NC On Or Before July 6, 2007" (Document No. 52) apparently seeks the Court's approval of a telephonic mediation in lieu of Plaintiff returning to this division for a mediated settlement conference. Defendants' response and supplementary response (Document Nos. 53 and 54) state the Defendants' preference for mediation in the division, but express deference to the Court's discretion in this matter. Defendants also seek an order appointing a mediator.

As stated in the previous "Order" of the Court in this matter, "[o]rdinarily mediation is held 'in an appropriate facility anywhere in the division in which the case is pending.' Local Rule 16.3. Under the circumstances of this case however, the Court may allow an alternative arrangement, such as a telephonic conference, if the parties identify a willing mediator." Document No. 49 at 2.

Again, ordinarily mediation would occur in this division, and certainly it is the preference of the Court that mediation occur with all parties present in the same location; however the undersigned in this matter will allow the parties to conduct mediation via telephone, or in any location outside the division that is mutually agreeable to the parties, provided the parties secure a certified mediator who is willing to conduct such mediation. Document No. 54-2 suggests that the mediators identified by Defendants in Document No. 53 are acceptable to the Plaintiff. The undersigned approves of any of those mediators, or will recognize any other certified mediator the parties can agree on who can serve their needs for a timely mediation. Therefore the Court will decline to appoint a specific mediator.

It is the strong impression of the undersigned that this matter is ripe for a mediated settlement. Furthermore, as stated in the previous "Order" (Document No. 49) and in the Pretrial Order and Case Management Plan" (Document No. 43), it is required that the parties participate in a mediated settlement conference <u>and file a report of the results</u> of that conference on or before **July 6, 2007.** If mediation is unsuccessful, and if the parties continue to be unable to settle their differences, this case will go to trial in the civil trial term beginning **August 6, 2007**.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Strike..." (Document No. 47) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion To Dismiss ..." (Document No. 52)

4

is **GRANTED**, to the extent that the parties are not <u>required</u> to hold their mediation in this division as explained above.

**IT IS FURTHER ORDERED** that "...Defendants' Motion For Appointment Of Mediator" (Document No. 53) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Dismiss Lynda K. Black As A Witness..."(Document No. 55) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: June 8, 2007

David C. Keesler
United States Magistrate Judge