## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:03-CV-577-DCK

| | | |
|---|---|---|
| **MILTON BLACK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **THE BISSELL COMPANIES, INC. and** | ) | |
| **BALLANTYNE RESORT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendants The Bissell Companies, Inc. And Ballantyne Resort LCC's Motion for Summary Judgment/Renewed Motion For Summary Judgment/Alternative Motion for Summary Judgment" (Document No. 59) and "Defendants' Brief In Support..." (Document No. 60), filed July 5, 2007. Plaintiff has not responded to the motion. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate disposition of this motion is appropriate.

Having fully considered the arguments, the record, and applicable authority, the undersigned will <u>deny</u> "Defendants ...Motion for Summary Judgment" (Document No. 59).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Milton Black ("Plaintiff") filed a Complaint against Continental Casualty Company, Continental Assurance Company and CNA Group Life Insurance Company (collectively, "Continental") and Ballantyne Resort, LLC and The Bissell Companies, Inc. (collectively, "Bissell" or "Defendants") in the Superior Court of Mecklenburg County, North Carolina on October 30, 2003. Plaintiff's allegations included claims that "as a result of the careless and negligent conduct

of the Defendants ... Plaintiff did not have short term disability insurance or long term disability insurance at the time of his stroke" and that Bissell "breached their duty to the Plaintiff to timely provide the needed and necessary and requested information ... to process his application for disability insurance."

The Complaint states that Plaintiff completed the required application forms for short and long term disability insurance provided by his employers (Bissell) on or about January 18, 2002, and returned them to the appropriate staff person for submission to Continental. It is alleged that premiums were paid by Bissell to Continental on behalf of Plaintiff and that Bissell deducted premium expenses from Plaintiff's wages.

The Complaint also alleges that on March 18, 2002, Laura Chatlos, an agent of Continental, sent a letter to Rhonda Troutman, an agent for Bissell, in which Ms. Chatlos asked for additional medical information related to Plaintiff's application for coverage (the "March 2002 letter"); that Plaintiff never received a copy of the March 2002 letter; that on or about May 8, 2002, Kelly Hawkins, an agent of Continental, sent a letter to Ms. Troutman stating that Plaintiff's application for coverage would be closed for failure to submit the requested additional medical information (the "May 2002 letter"); and that Plaintiff did not receive a copy of the May 2002 letter until on or about August 13, 2002.

On June 29, 2002, Plaintiff suffered a stroke rendering him permanently and totally disabled. Around late July or early August 2002, believing he had coverage, Plaintiff filed claims with Continental for short term and long term disability as a result of his stroke. Plaintiff contends that his first notice that he lacked disability coverage came from a letter dated August 9, 2002 from Continental. Plaintiff, then through counsel, initiated an appeal of the denial of insurance coverage

in September 2002. On November 4, 2002, Continental upheld the decision to deny Plaintiff's claim.

As previously stated, Plaintiff filed his Complaint on October 30, 2003 in Mecklenburg County Superior Court. On December 1, 2003, Continental filed a Notice of Removal (Document No. 1) with this Court in which Bissell joined. Plaintiff subsequently filed a "...Motion for Remand" on December 19, 2003 arguing that his suit was brought on "state law claims for negligence, estoppel and breach of duties of an agent." Both Continental and Bissell filed memoranda (Document Nos. 11 and 12) opposing remand. Continental argued in its memorandum that "if state law claims 'relate to' an ERISA plan within the meaning of ERISA's preemption provision under 29 U.S.C. § 1144(a), the claims were converted to federal claims for the purposes of removal jurisdiction." Continental further stated:

> The United States Supreme Court has directed that the words "relate to" in the ERISA preemption provisions should be broadly construed in that a particular state law claim "relates to" an ERISA plan if the state law claim has a connection with or reference to an employee benefit plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). Such a determination must be made with a common sense view of the matter. Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985). Even a state law with only an indirect effect on a benefit plan can be preempted unless it affects the plan in too tenuous, remote, or peripheral a manner. Shaw, 463 U.S. at 100 n.21.
>
> Claims which are "related to" ERISA plans are those claims which specifically refer to and would affect an ERISA plan, would contravene the structure or purpose of ERISA, would require a construction of the benefit plan, or would mandate an interpretation of the statutory duties of one of the parties to the plan. Consumer Benefits Ass'n of U.S. v. Lexington Ins. Co., 731 F. Supp. 1510, 1515 (M.D. Ala. 1990). Such claims include state law claims for bad faith, breach of contract, and fraud. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207, 1212 (llth Cir. 1999).

On March 18, 2005, this Court denied the Plaintiff's motion to remand. In that Order (Document No. 19), the Court addressed each of four elements described by Butero v. Royal

Maccabees Life Ins. Co., and found that Employee Retirement Income Security Act, 29 U.S.C. 1132 ("ERISA") superpreemption existed in this case. In summary, those necessary elements were: 1) a relevant ERISA plan, 2) plaintiff has standing under the plan, 3) defendant is an ERISA entity, as it could control payment of benefits and determination of rights under the plans, and 4) the complaint seeks compensatory relief akin to that available under 29 U.S.C. § 1132(a), often benefits due under a plan.[1] Butero, 174 F.3d at 1212.

Subsequent to the denial of the motion for remand, both Continental and Bissell filed motions for summary judgment (Document Nos. 23 and 28). The Court heard oral arguments on these motions at a civil motions hearing on January 30, 2007. By oral Order at that hearing, the Court granted Continental's motion for summary judgment, finding that Continental did not abuse its authority in denying Plaintiff's coverage. Furthermore, Plaintiff, then proceeding *pro se*, stated in open court that he did not hold Continental responsible for his lack of disability insurance coverage and that it had done nothing wrong. The Court took Bissell's motion under advisement.

On March 29, 2007, by written "Order" (Document No. 38), the undersigned denied "Defendants'... Motion for Summary Judgment" (Document No. 28). In so doing, the Court found that there were genuine issues of material fact regarding Bissell's duty to Plaintiff in the administration of disability insurance.

Bissell now moves the Court to (1) grant summary judgment because Plaintiff cannot prove essential elements of his claim; (2) limit any recoverable damages to those specifically recoverable pursuant to ERISA; or (3) continue the trial to allow evaluation of other damages that might be

---

[1] For the third element, the Court identified Continental as an ERISA entity. The Court believes by the same reasoning that Bissell qualifies as an ERISA entity. See Document No. 19 at 5).

recoverable.

## II. STANDARD OF REVIEW

The standard for summary judgment is familiar. Rule 56(c) of the Federal Rules of Civil Procedure requires that summary judgment be granted if the pleadings, responses to discovery, and affidavits, if any, establish that "there is no genuine issue as to any material fact...." Fed. R. Civ. P. 56(c). As this Court has previously explained,

> ... the moving party has the initial burden to show a lack of evidence to support [the non-moving party's] case. If this showing is made, the burden then shifts to the [non-moving party] who must convince the Court that a triable issue does exist.

Boggan v. Bellsouth Telecomm., Inc., 86 F. Supp. 2d 545, 547 (W.D. N.C. 2000) (citations omitted).

A genuine issue of material fact exists if a reasonable jury could return a verdict for the non-moving party on the evidence presented. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The non-moving party opposing summary judgment cannot "rest upon ... mere allegation or denials ..., but ... must set forth specific facts showing that there is a genuine issue for trial." See id. at 248 (quoting First National Bank of Arizona v. Cities Service Co., 319 U.S. 253, 288-89 (1968)). Importantly, in deciding a motion for summary judgment, the court views the evidence presented in the light most favorable to the non-moving party – that is, "[t]he evidence of the non-movant is ... believed, and all justifiable inferences are ... drawn in his favor." See Anderson, 477 U.S. at 255.

## III. DISCUSSION

Viewing the evidence in the light most favorable to the non-moving party, and drawing all inferences in Plaintiff's favor, the remaining Defendants have failed to convince the undersigned that

there are no genuine issues as to any material facts in this matter. The pending motion, at least in part, essentially moves the undersigned to reconsider the previous denial of summary judgment.

First, Defendants move for summary judgment based on an argument of what Plaintiff will not be able to show at trial - - namely, that Plaintiff will fail to establish essential elements of his claim to recover benefits due. Defendants' arguments are largely conclusory and repetitive of their argument in their original motion for summary judgment (Document No. 28). The undersigned is not inclined to grant summary judgment to the Defendants at this stage of the litigation based on what they expect Plaintiff to show at trial. Defendants will be provided an ample opportunity to reassert their arguments refuting Plaintiff's ability to recover benefits due under 29 U.S.C. § 1132 at the trial of this matter.

Next, Defendants contend that Plaintiff cannot establish that they breached a fiduciary relationship owed to him. This argument challenges the finding of the undersigned's previous "Order" denying summary judgment (Document No. 38) which stated in pertinent part: "[i]n sum, it seems to the undersigned that a genuine issue of material fact remains in this case - namely, what duty did Bissell have to the Plaintiff regarding the administration of disability insurance and did it comply with that duty." Defendants do not present any new facts or information in the instant motion to cause the undersigned to reverse the previous Order.

Finally, Defendants seek the Court's clarification of Plaintiff's potential recovery. Although the undersigned will not at this time preclude any arguments Plaintiff may present at trial, it is the expectation of the Court that relief available in this ERISA action will most likely be limited to that available pursuant to 29 U.S.C. §1132(a)(1)(B) and/or 29 U.S.C. §1132(a)(3). The history of this litigation indicates that what is sought by Plaintiff are "benefits due":

> the damages Mr. Black seeks here are clearly those available under §
> 1132. Although Mr. Black denominates his claims as those for
> negligence, estoppel and breach of duty, it is apparent that what he
> seeks is payment of the short and long term disability benefits. All of
> his claims are "properly recast as claims for benefits due" under the
> plans provided by Bissell and Ballantyne Resort.

"Order" (Document No. 19 at 5). Furthermore, Plaintiff's causes of action all relate directly to

claims for long term and short term disability insurance he alleges he would have received but for

the Defendants' failures. See "Complaint" (Document No.1).

The Court will address here one final issue - that of jury trial versus bench trial. Considering

this is an ERISA action, and in light of "Defendants' Notice of Withdrawal of Request for Jury

Trial" (Document No. 69), the Court will *sua sponte* modify the "Pretrial Order and Case

Management Plan" (Document No. 43) to the extent it designates this matter for a trial by jury.

Based on the greater weight of relevant authority, the undersigned now determines that a bench trial

is most appropriate.

Specifically, careful review of case law in the Fourth Circuit directs that claims brought under

ERISA should be decided by a judge rather than a jury. The Fourth Circuit has addressed the issue

of whether a claimant under ERISA could insist upon a jury trial and the circuit court determined

"that congressional silence on the issue in the text of the statute 'returned [the question] to the

common law of trust' ... [u]nder such law, 'proceedings to determine rights under employee benefit

plans are equitable in character and thus a matter for a judge, not a jury.'" Phelps v. C.T. Enterprises,

Inc., 394 F.3d 213, 222 (4th Cir. 2005) citing Berry v. Ciba-Geigy, 761 F.2d 1003, 1007 (4th Cir.

1985). See also; Biggers v. Wittek Industries, Inc., 4 F.3d 291, 298 (4th Cir. 1993) ("Because ERISA

preempts his common law contract claim, his claim should have been tried by the court under the

principles of ERISA, rather than before the jury under [state] contract law."); Ellis v. Metropolitan Life Ins. Co., 919 F.Supp. 936, 938 (E.D. Va. 1996) ("the Berry holding that ERISA cases are a matter for judges (not juries) remains good law."), aff'd Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228 (4th Cir. 1997); Cherepinsky v. Sears Roebuck and Co., 455 F.Supp.2d 470, 476 (D.S.C. 2006) ("[I]t is still good law in the Fourth Circuit that ERISA actions are equitable in nature and are for the Court to decide rather than the jury.") quoting Lawrence v. Cont'l Cas. Co., 1998 WL 3431260, *3 (M.D.N.C. 1998).

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that "Defendants The Bissell Companies and Ballantyne Resort, LCC's Motion for Summary Judgment..." (Document No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file with the Clerk of Court proposed Findings of Fact and Conclusions of Law, on or before **August 3, 2007**.

**IT IS FURTHER ORDERED** that the parties shall appear before the undersigned at 9:00AM on **August 7, 2007** prepared for a bench trial.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Stipulate as Mediator ..." (Document No. 57) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: July 30, 2007

David C. Keesler
United States Magistrate Judge